**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BEN EARNEST SCOTT, JR.**                                            **PETITIONER**

**V.**                        **CASE NO. 4:07CR00321 JMM**

**UNITED STATES OF AMERICA**                                      **RESPONDENT**

**ORDER**

Pending before the Court is Petitioner Ben Scott's Motion To Alter or Amend Judgment (#95). For the reasons stated below, the motion is denied.

This is the fifth motion in which Plaintiff seeks to re-litigate issues raised in his federal habeas petition which was denied by United States District Judge G. Thomas Eisele on November 19, 2010. Petitioner subsequently appealed that denial and filed a Motion for Relief pursuant to Federal Rule of Civil Procedure 59(e) in the District Court which was also denied. Petitioner amended the appeal of the denial of his habeas petition to include an appeal from the denial of his Rule 59 motion. The Court of Appeals for the Eighth Circuit affirmed the District Court's decisions on April 8, 2011, with the Mandate being issued on May 27, 2011.

In this Court's Order[1] addressing Petitioner's first Motion for Reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b)(6)[2], it found that the motion contained the same arguments previously rejected by the Court of Appeals for the Eighth Circuit when it

---

[1] Doc. #81 dated September 15, 2011,

[2] Doc #. 76 dated July 25, 2011 .

affirmed the denial of his July 15, 2010 § 2255 petition. The Court also pointed out that in denying his § 2255 petition, the Eight Circuit affirmed the District Court's decision on his November 29, 2010 Rule 59(e) motion contained Petitioner's arguments regarding the reasonableness of a *Terry* search.

The Court finds that the instant motion is an attempt to file a successive § 2255 petition. Because Petitioner has failed to obtain authorization to file a successive habeas petition as required pursuant to 28 U.S.C. § 2244(b)(3)(A), his motion is denied. *See Boyd v. United States*, 304 F.3d 813 (8th Cir. 2002) ("If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals."); *United States v. Lambros*, 404 F.3d 1034 (8th Cir. 2005) (when Rule 59(e) or Rule 60(b) motions seek to ultimately resurrect the denial of an earlier § 2255 motion, a certificate of appealability from the Court of Appeals is required).

IT IS SO ORDERED THIS   6   day of   December  , 2011.


James M. Moody
United States District Judge